Jerome Kay, J.
In the instant matter the District Attorney-seeks an order to take handwriting exemplars from the above-named defendant after an information was handed down by the Grand Jury. This proceeding was instituted by an order to show cause on notice. Oral and written arguments were had.
The defendant is charged via an information with petit larceny, in that he stole money from one Napoleon Clark by "charging” him for more repairs made and parts needed for a television set, than was actually supplied. The District Attorney states that the "shop card” applicable to the instant television set has the name "Emil” upon it. Emil is the first name of the defendant. In addition, inscribed upon the card is a handwritten description of the parts and work for which monetary charges were made.
The handwriting exemplars requested are to compare the defendant’s handwriting with those on the card. Admittedly the court has not been presented with a case in New York State in which handwriting exemplars were required of a defendant after his arrest or indictment. It is the courts opinion, however, that the rule of law to be applied has been clearly enunciated by the Federal and State courts. As enumerated more fully in the latter part of the opinion, courts are clear in allowing the prosecutor to obtain such exemplars in the pre-arrest or Grand Jury stage. The decisions clearly *153 state there is no violation of a defendant’s constitutional rights (73 Col L Rev 1145).
We come now to the first question presented to the court. Is there a distinction as to the purview of a defendant’s or witnesses’ constitutional rights between pre-arrest and post-arrest stage? The court believes such a distinction is purely technical and nonsubstantive. It also is the position of the court that constitutional protections should be applied more carefully in a pre-arrest or Grand Jury stage than at the post-arrest stage, where the District Attorney or the Grand Jury already has made a determination that reasonable cause exists by having arrested the defendant.
In Gilbert v California (388 US 263) the Supreme Court approved admission into evidence of exemplars taken after arrest. While it is unclear whether the taking of those handwriting exemplars were consented to by Gilbert, the court ignored the fact that the petitioner had already been arrested. It stated (p 266), "We pass the question of waiver since we conclude that the taking of exemplars violated none of petitioner’s constitutional rights”.
Furthermore the Appellate Division, Second Department in People v Vega (51 AD2d 33) indicated that after arrest constitutional rights may be invaded under certain circumstances. The court said (p 38): "If the District Attorney has probable cause sufficient to sustain an order invading the defendant’s constitutional right to determine his facial appearance, he has sufficient probable cause to have the defendant arrested or to obtain an accusatory instrument charging him with the robberies in Queens County. Any one of these courses of conduct on his part will subject the defendant to the jurisdiction of the Criminal Term * * * It will then be time enough to determine, if such an order is sought, whether there has been shown a substantial State justification for invading the defendant’s constitutional right to determine his appearance”. (See, also, United States v Dionisio, 410 US 1.) The United States Supreme Court stated in a case similar to ours that reasonable cause need not be shown (see 73 Col L Rev 1145).
Finally the reporters in Columbia Law Review (vol 73, pp 1145, 1163) in referring to United States v Dionisio (supra) state: "The majority’s reasoning would permit police demands for exemplars from a suspect already in custody”. The court therefore concludes that the distinction urged by the defendant is invalid.
*154 The next problem presented is whether the taking of exemplars is a violation of a defendant’s constitutional rights. Logically the substance of the rights and constitutional protections should remain the same in the pre-arrest and post-arrest stage. A court’s reliance on a legal fiction to allow an appeal by classifying a proceeding "in the nature of a civil proceeding” should not effect the constitutional right. (See Matter of District Attorney of Kings County v Angelo G., 48 AD2d 576 and People v Vega, 51 AD2d 33, supra.)
In Gilbert v California (388 US 263 supra), the leading Supreme Court case, the court recognized handwriting as a method of communication but the court did not believe it was compelled to conclude that every use of handwriting involved a communication. The court said (pp 266-267) "a mere handwriting exemplar, in contrast to the content of what is written * * * is an identifying characteristic outside its [Fifth Amendment] protection.” (See, also, Lewis v United States, 382 F2d 817; Schmerber v California, 384 US 757.) This principle of law was upheld in the Second Department in Matter of District Attorney of Kings County v Angelo G. (supra). In that case the court said (p 579): "The appellants contend first that to force them to give handwriting exemplars violates the Fourth Amendment to the Federal Constitution. That contention cannot be sustained under the recent decisions of the Supreme Court (see United States v Dionisio, 410 US 1; United States v Mara, 410 US 19; Davis v Mississippi, 394 US 721; Schmerber v California, 384 US 757). The Fourth Amendment does not prohibit the taking of handwriting exemplars, for no search or seizure of the person is involved.”
The United States Supreme Court in United States v Mara (410 US 19) found that the ordering of handwriting exemplars did not violate any Fourth Amendment rights. The court stated (p 21): "Handwriting, like speech, is repeatedly shown to the public, and there is no more expectation of privacy in physical characteristics of a person’s script than there is in the tone of his voice.”
The Appellate Division in Matter of District Attorney of Kings County v Angelo G. (supra, p 580) went on to say any violation of the Fourteenth Amendment” depends on testing the means used here under the dictates of due process”. As in the Matter of District Attorney of Kings County v Angelo G. (supra), this court sees no violation of such due process or lack of reasonable cause to deny granting the order requested.
*155 The show cause order and the accompanying papers were served on the defendant with notice. Defendant was given the opportunity to answer the application and did so on written papers and oral arguments. The defendant having been arrested on an information was aware of the charges.
Clearly a key element to the charge of petit larceny is whether this defendant wrote on the "shop card” the description of the repairs and the parts to be supplied for the television set, which parts and supplies were subsequently billed. Some of the parts and repairs, the information alleges were not installed or provided. Handwriting exemplars would assist the District Attorney and the court in determining whether this defendant was involved in an unlawful act.
Thus the court believes the District Attorney has shown reasonable and probable cause for the granting of an order to provide handwriting exemplars.
The defendant is to comply with the District Attorney’s request for handwriting exemplars.